Bonnie WYSOCKI, Plaintiff–Appellant,

v.

WISECO PISTON, INC.; Dover, Inc.; and Robert L. Anderson, individually and as CEO of Wiseco Piston, Inc., Defendants–Appellees.

No. 01–3640.

United States Court of Appeals, Sixth Circuit.

Jan. 15, 2003.

Before MERRITT and DAUGHTREY, Circuit Judges, and RUSSELL,* District Judge.

PER CURIAM.

The plaintiff, Bonnie Wysocki, appeals from the district court's grant of summary judgment to the defendants, Wiseco Piston, Inc., Dover, Inc., and Robert Anderson, on Wysocki's claims of illegal termination from her employment. The plaintiff, a long-time "distributor sales manager" at Wiseco Piston, was bypassed for a promotion to the newly-created position of "general sales manager" at the company. When the job was awarded to a 32–year–old male employee, Wysocki, who was then 52 years of age, became so distraught that she was forced to take significant time from work and place herself under the care of a mental health professional. Eventually, more than six months after the promotion determination and the beginning of Wysocki's absence from her job. Wiseco Piston terminated the plaintiff in accordance with published company medical leave policy.

Wysocki then filed suit against the defendants, alleging that: (1) she did not receive the desired promotion due solely to gender discrimination; (2) the company's refusal to make reasonable accommodations for her acute distress disorder violated Ohio anti-discrimination legislation; (3) the denial of the promotion and the termination of plaintiff's employment contravened Ohio's public policy against age discrimination; (4) the plaintiff's termination was in retaliation for her filing of a claim of discrimination; and (5) the promotion of a younger person into the position of gen-

---

* The Hon Thomas B. Russell. United States District Court for the Western District of Kentucky, sitting by designation

eral sales manager was in violation of the Age Discrimination in Employment Act. 29 U.S.C. §§ 621–634. The district judge thoroughly analyzed each claim made by Wysocki before determining that the plaintiff could not prove entitlement to relief on any of the various grounds alleged in her complaint. In short, the court concluded that the younger, male employee received the promotion not because of his gender or age, but simply because he was better qualified for the position. Furthermore, Wysocki's termination from the company was not in any manner related to her emotional problems or to her filing of discrimination charges against her employer. Instead, she was fired from Wiseco Piston because of her extensive absence from her job after the expiration of the statutorily-protected and contractually-granted medical leave periods.

Having reviewed the record in this case, having studied the briefs, and having had the benefit of oral argument, we are not convinced that the district court erred in dismissing this action. Because the reasons why judgment should be entered for the defendants have been articulated fully by the district court, the issuance of an additional detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the district court's grant of summary judgment to the defendants based upon the reasoning set forth by that court in its memorandum opinion and order filed April 25, 2001.